UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONCETTA NYMAN,
    Plaintiff,

v.

FEDERAL RESERVE BANK
OF BOSTON,
    Defendant

Civil Action No. 05-10412-JLT

## ANSWER

Defendant Federal Reserve Bank of Boston (the "Bank") hereby answers the allegations in the Complaint as follows:

### I.    Parties

1.    Defendant admits the allegations in Paragraph 1.

2.    Defendant admits that it is an instrumentality of the United States Government and admits the remaining allegations in Paragraph 2.

### II.    Jurisdiction

3.    Paragraph 3 states conclusions of law to which no answer is required.

### III.    Facts

4.    Defendant admits that it employed Plaintiff from October 21, 1968 to April 3, 2004 and that Plaintiff's last position was Senior Paying Teller. Defendant denies the remaining allegations in Paragraph 4.

-2-

5. Defendant admits that, on or around July 31, 2000, Plaintiff reported that she had a shoulder injury that she believed to be work-related. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Defendant admits that Plaintiff was on a leave of absence from July 31, 2000 until February 12, 2001 and that she received worker's compensation insurance benefits during that time.

7. Defendant admits that Plaintiff returned to work on February 12, 2001 and that she submitted correspondence from one of her physicians. Defendant answers further that the document speaks for itself, and denies the remaining allegations in Paragraph 7.

8. Defendant admits that Plaintiff submitted correspondence from one of her physicians and answers further that the document speaks for itself. Defendant answers further that she was assigned to work for some portion of her work day as a member of a three-person team on a high speed machine, which was the lightest duty assignment available. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant admits that Plaintiff has not returned to work since April 2, 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits that Plaintiff's claim for long term disability benefits was denied on or about December 3, 2003, that Plaintiff appealed the denial of the claim, and that her

appeal was denied on or about May 4, 2004. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits that Karen Foley sent Plaintiff a letter dated May 7, 2004 and answers further that the document speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant admits that Plaintiff filed complaints with the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

WHEREFORE, Defendant requests that a judgment enter in its favor dismissing the Complaint in its entirety.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a qualified person with a disability within the meaning of the Americans With Disabilities Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing a claim under the Americans With Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant hereby asserts all other affirmative defenses as may become available to it during the course of this litigation and reserves its right to amend this Answer to assert any affirmative defenses not presently known to it.

FEDERAL RESERVE BANK OF BOSTON,

By its attorneys,

Ilene Robinson Sunshine
(BBO # 423000)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617)338-2800

Dated: April 25, 2005

I hereby certify that a copy of the above document was served on counsel of record for all parties by hand/mail on 4/25/05.

-4-