UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONCETTA NYMAN, <br> Plaintiff, <br><br> v. <br><br> FEDERAL RESERVE BANK <br> OF BOSTON, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 05-10412-JLT |

### DEFENDANT'S ASSENTED-TO MOTION
### TO CONTINUE TRIAL DATE

Defendant Federal Reserve Bank of Boston (the "Bank") hereby moves, with Plaintiff's assent, to continue by ninety (90) days the trial in this action, which currently is scheduled for February 21, 2006. As grounds for this motion, Defendants states the following:

1.  This is an action brought under the Americans With Disabilities Act ("ADA") in which Plaintiff alleges that the Bank, her former employer, failed to accommodate her medical condition. This action has been pending for less than one year.

2.  During the times relevant to this action, Plaintiff's primary care physician, Robert E. Singer ("Dr. Singer"), treated Plaintiff for the condition that she alleges constituted a disability within the meaning of the ADA, was knowledgeable regarding Plaintiff's alleged physical limitations, and completed certificates that were submitted in support of various claims that Plaintiff made for disability insurance benefits. Dr. Singer therefore is a significant witness in this action with knowledge of many of the material facts.

3.  The Bank attempted on several occasions to take Dr. Singer's deposition. The Bank initially noticed Dr. Singer's deposition for December 1, 2005 and served him with a

-2-

subpoena duces tecum. Dr. Singer then refused to appear for his deposition and rescheduled it first to December 22, 2005 and then to January 5, 2006. The Bank finally took the deposition on January 5, 2006. As of this writing, the transcript of that deposition has not been finalized or made available to the parties. After the parties receive the transcript, Dr. Singer will have 30 days to read it and make any necessary corrections.

    4.    The Bank is preparing to file a motion for summary judgment on the grounds that, among other things, Plaintiff's medical condition did not limit her in any way that would constitute a disability within the meaning of the ADA and the Bank actually did provide her with the limited accommodation that she requested. The Bank will need Dr. Singer's signed transcript in order to prepare its summary judgment papers, and Plaintiff will need the transcript in order to oppose the motion.

    5.    The continuance requested here will afford the parties time to fully brief their summary judgment positions and will not significantly delay the disposition of this relatively young action.

    WHEREFORE, the Bank, with Plaintiff's assent, requests that that Court continue the trial date by 90 days.

FEDERAL RESERVE BANK OF BOSTON,

By its attorneys,

/s/ Ilene Robinson Sunshine
Ilene Robinson Sunshine
(BBO # 423000)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617)338-2800
isunshine@sandw.com

Dated: January 11, 2006

-3-

ASSENTED TO:

CONCETTA NYMAN

By her attorneys,

/s/ David Green_____
David Green
BBO # 642406
ALFORD & BERTRAND, L.L.C.
60 Arsenal Street
Watertown, MA  02471-0322
(617) 926-2005

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 11, 2006.

/s/  Ilene Robinson Sunshine_____
Ilene Robinson Sunshine

-3-

{B0479999; 1}