UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONCETTA NYMAN,<br>    Plaintiff,<br><br>v.<br><br>FEDERAL RESERVE BANK<br>OF BOSTON,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10412-JLT |

**MOTION TO STRIKE PLAINTIFF'S ADDENDUM**
**TO HER SUMMARY JUDGMENT OPPOSITION**

    Defendant Federal Reserve Bank of Boston (the "Bank") hereby moves the Court to strike the "Addendum" filed by Plaintiff Concetta Nyman ("Nyman") in support of her opposition to the Bank's motion for summary judgment on the grounds that the documents proffered by Nyman, without accompanying affidavits or other authentication, are not admissible.  As grounds for this motion, the Bank states the following:

    1. On May 30, 2006, Nyman filed an opposition to the Bank's motion for summary judgment, a memorandum of law, and a submission entitled "Addendum."  Nyman's Addendum consists of 7 documents with numbered Exhibit stickers evidently affixed by Nyman.  Nyman did not file any affidavits identifying or authenticating the documents.

    2.    Addendum documents with Exhibit stickers 1 and 2 were authenticated by an affidavit that the Bank filed with its motion for summary judgment. (<u>See</u> Bickerton Aff. ¶¶ 2, 11).  As to the remaining documents, no witness has attested to their genuineness, the context in which they were written, or, to the extent that they contain the statements of others, whether they

purport to be a verbatim recounting or the author's paraphrasing of comments by third parties. Nyman's Exhibit 6, which on its face purports to be a medical record made on October 25, 2000, is outside the time period relevant to this case and appears to contain statements made to the author by other doctors; as such, it contains impermissible hearsay. See Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990)(inadmissible hearsay can carry no weight in the summary judgment calculus). Nyman's Exhibit 7, which purports to be a letter from one of her doctors to the Bank's nurse, is not dated, making it impossible to determine whether it even was written during the time period relevant to this case. Further, there is no evidence that the letter ever was sent to or received by the addressee.

3. Evidence offered in support of or in opposition to a summary judgment motion must consist of facts that are admissible under the Federal Rules of Evidence. See Fed. R. Civ. P. 56(e) ("[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"). See also Garside, 895 F.2d at 49; FDIC v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986). The Federal Rules of Evidence contain specific requirements for the authentication of documents, which is a predicate for admissibility. See Fed. R. Ev. 901(a) ("[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims.").

4. Nyman's Addendum does not satisfy the standards for admissibility of evidence and therefore is not properly before the Court in this summary judgment record.

WHEREFORE, Defendant requests that the Court strike Plaintiff's Addendum.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

The undersigned hereby certifies that she has conferred with opposing counsel and attempted in good faith to resolve or narrow the issues raised in this motion.

**ORAL ARGUMENT REQUESTED.**

         FEDERAL RESERVE BANK OF BOSTON,

         By its attorneys,

         /s/ Ilene Robinson Sunshine
         Ilene Robinson Sunshine
         BBO # 423000
         SULLIVAN & WORCESTER LLP
         One Post Office Square
         Boston, MA 02109
         (617) 338-2800
         isunshine@sandw.com

Dated: May 31, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 31, 2006.

    /s/ Ilene Robinson Sunshine

{B0523863; 1}