UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
CONCETTA NYMAN,              )
     Plaintiff,                        )
                                      )
v.                                     )        Civil Action No. 05-10412-JLT
                                      )
FEDERAL RESERVE BANK    )
OF BOSTON,                            )
     Defendant.                     )
_____)

**MEMORANDUM IN REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Defendant Federal Reserve Bank of Boston (the "Bank") has moved the Court for summary judgment on Plaintiff Concetta Nyman's ("Nyman") claim under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.  The Bank argued that (1) Nyman did not exhaust her administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); (2) Nyman's 10-pound lifting restriction did not constitute a "disability" covered by the ADA; and (3) the Bank accommodated Nyman by giving her a job that did not require her to lift more than 10 pounds.  Nyman has filed an opposition that tries to salvage the case from a time-bar by asserting a fact that is a patent fabrication.  Further, Nyman fails to identify or even describe the disability that she claims to have.  Finally, to the extent that the opposition even hints at a legal argument, it impermissibly relies on a set of "exhibits" that the Bank has moved to strike because they are unauthenticated and have no demonstrated relevance to the time period at issue.

1.      <u>Nyman's Timeliness Argument Is Based On Fabricated Evidence</u>

The Bank argued that Nyman's civil claim is barred because she did not file a charge of disability discrimination with the EEOC within 180 days of April 2, 2003, which was her last day of work at the Bank and the last date on which her claim possibly could have arisen. Nyman countered with a single sentence asserting that she filed her charge within 60 days of her termination in April 2004 "which is when she knew that the Defendant did not intend to accommodate her." This assertion of Nyman's state of mind does not appear in any sworn testimony or affidavit, and is patently false.

In her deposition, Nyman explicitly claimed that, although the Bank initially accommodated her when she returned to work in early 2001, it stopped doing so shortly thereafter and that that failure continued until her departure from work in April 2003. Indeed, although Nyman has no evidence to support the claim, she even contends elsewhere in her opposition that she reported this to her doctor contemporaneously and that the Bank's refusal to accommodate her during this period actually <u>caused</u> her to leave work in April 2003. Nyman never sought any type of accommodation from the Bank after April 2003. Indeed, that would have been inconsistent with the statement she made at that time to the Bank's long-term disability insurer that she was totally and permanently disabled from ever working at the Bank again. The Bank terminated Nyman's employment in April 2004 because she had exhausted her appeal on her claim for long-term disability benefits, had been absent as long as permitted by Bank policy, and failed to return to work. Her termination was wholly unrelated to any accommodation that she claims the Bank failed to provide her with in 2001, 2002 or early 2003. Her contention in her opposition that she did not know that the Bank was not accommodating her until the time of her termination is simply made up.

2.  **Nyman Still Has Not Identified Any Disability, Much Less Established That She Had One**

The Bank cited a plethora of case law rejecting the notion that the lifting and other minor limitations that Nyman testified to, even viewed in the aggregate, constitute a "disability" under the ADA. Nyman criticizes the Bank for failing to understand the true nature of her disability. However, in the three paragraphs of general ADA propositions that comprise her argument on this point, she neither describes any substantial limitation caused by her condition nor offers any legal authority showing that it qualified for ADA coverage.

In the paragraph of her opposition entitled "Conclusion," Nyman suggests for the first time that, in addition to personal care, she also may have been limited in the major life activities of sleeping and working. No such claims can be made on this record. Nyman has not offered a shred of competent evidence that she was limited in sleeping, and certainly not during the period relevant to this case. The idea that Nyman was limited in working prior to April 2003 is fanciful indeed given that she <u>actually</u> <u>worked</u> at her job on a <u>full</u> <u>time</u> <u>basis</u> during the entire period that she now suggests she could not. In any event, to establish that she was limited in the activity of work, Nyman would have to show that she was significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. 29 C.F.R. § 1630.2(j)(3). See also <u>Lessard v. Osram Sylvania, Inc.</u>, 175 F.3d 193, 198 (1st Cir. 1999); <u>Tardie v. Rehabilitation Hosp. of Rhode Island</u>, 168 F.3d 538, 542 (1st Cir. 1999)(inability to work a forty-hour week did not substantially limit plaintiff in the major life activity of working). Nyman has not offered any such evidence.

### 3. Nyman Has Not Offered Evidence Of Any Accommodation That She Asked For And Did Not Receive

Relying largely on Nyman's own testimony, the Bank established that it provided Nyman with every accommodation that she ever documented a medical need for, including granting her significant leaves of absence and placing her in a light duty position that enabled her to work within her 10-pound lifting restriction. Nyman's two-sentence rebuttal on this main issue in her case does not even attempt any argument supported by legal authority. Instead, she relies on two factual allegations that are sheer fabrication.

First, Nyman alleges that Manning, the Bank nurse, "ordered" that Nyman receive an accommodation. However, Manning testified by affidavit that she in fact did <u>not</u> order any restrictions for Nyman; she merely repeated to Nyman's manager what Nyman had told her. (<u>See</u> Manning Aff. ¶ 5). Second, Nyman makes the conclusory statement that her managers "refused to allow her to work within her medical restrictions." Nyman did claim at her deposition that she had exceeded her medical restrictions at work; however she then went on to <u>admit</u> that, to the extent she had done so, it was of her own volition, and that no Bank manager had ever asked or required her to. Nyman has simply excised these inconvenient facts from her version of history.

### 4. Nyman Has Not Placed Any Competent Evidence in the Record That Could Establish A Triable Fact Issue

Nyman has attempted to offer record evidence by affixing "Exhibit" stickers to a set of documents and filing them as an "addendum" to her opposition, with no accompanying affidavits. Two of these documents (Ex. 1 and 2) were authenticated by the Bank and submitted with its moving papers. (<u>See</u> Bickerton Aff. ¶¶ 2, 11). The remainder of Nyman's "exhibits" are unauthenticated and, as argued in the Bank's motion to strike, not properly before the court.

Apart from the fact that Nyman's "exhibits" are inadmissible, Nyman has not even bothered to identify or discuss them in her opposition. Instead, she has made it the Court's job to figure out what they are and why they are relevant to her case. The Court should decline to Nyman's work for her.

Nyman's "addendum" thus fails utterly to meet the requirements of Fed. R. Civ. P. 56(e) ("[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein") and of Fed. R. Ev. 901(a) ("[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims."). Because Nyman's "exhibits" have not been entered properly into the summary judgment record, they cannot be relied on in her opposition. Absent any competent rebuttal, Defendants' factual proffer is deemed to be accepted. See Local Rule 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."). Because Nyman has not made any relevant factual proffer of her own, the record adduces no triable issue of fact.

For all of the foregoing reasons, the Defendant Federal Reserve Bank of Boston requests that the Court allow its motion for summary judgment and enter a judgment in its favor.

Respectfully submitted,

FEDERAL RESERVE BANK OF BOSTON,

By its attorneys,

/s/ Ilene Robinson Sunshine
Ilene Robinson Sunshine
BBO # 423000
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800
isunshine@sandw.com

Dated:  May 31, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 31, 2006.

/s/ Ilene Robinson Sunshine