UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONCETTA NYMAN, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 05-10412-JLT |
| FEDERAL RESERVE BANK OF BOSTON, | * * * * * | |
| Defendant. | * | |

MEMORANDUM

August 21, 2006

TAURO, J.

Plaintiff, Concetta Nyman, ("Plaintiff") brings this action, alleging that Defendant, Federal Reserve Bank of Boston, ("Defendant") failed to accommodate her disability in violation of the Americans with Disabilities Act ("ADA").[1] Defendant has moved for summary judgment. For the reasons set forth below, Defendant's Motion for Summary Judgment is ALLOWED.

**Background**

Defendant employed Plaintiff as a cash paying teller for thirty-five years.[2] On July 31, 2000, Plaintiff began to suffer from "bilateral frozen shoulders." Plaintiff was forced to leave

---

[1] 42 U.S.C. §§ 12101 et seq. (2006).

[2] The following facts are drawn from Pl.'s Comp., Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J., Pl.'s Mem. In Supp. of Pl.'s Opp. to Def.'s Mot. for Summ. J., Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J., Def.'s Mem. in Reply to Pl.'s Opp. to Def.'s Mot. for Summ. J., and the evidentiary materials submitted in support.

work due to this disorder.  Plaintiff, as a result, collected worker's compensation benefits for six months.  On February 12, 2001, Plaintiff returned to work with a note from her doctor recommending various work restrictions, including a limitation that she not lift more than ten pounds or reach over her head.  Plaintiff alleges that Defendant did not honor these recommendations and, as a result, Plaintiff developed tendinitis and bursitis in both shoulders.  Defendant's nurse suggested that Plaintiff have at least three other people working with her instead of only two.  Defendant allegedly rejected this suggestion, and on March 26, 2003, Plaintiff was forced by her disability to leave work and she never returned.[3]  Defendant terminated Plaintiff's employment on April 3, 2004.

On June 21, 2004, Plaintiff filed a charge with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").  On August 24, 2004, the MCAD declined to exercise jurisdiction over Plaintiff's charge of discrimination.  Plaintiff's complaint alleges that Defendant violated the ADA in refusing to make reasonable accommodations for her disability.  Defendant has moved for summary judgment arguing that Plaintiff's claims are barred by the statute of limitations.

**Discussion**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if the record reveals that there is "no genuine issue as to any material fact and . . . the moving party [has

---

[3] Defendant disputes this date as Plaintiff's last day of work, and assert that April 2, 2003, was Plaintiff's last day.  For purposes of this motion, neither date saves Plaintiff's complaint from the statute of limitations.

demonstrated an] entitle[ment] to a judgment as a matter of law."[4]  Pursuant to this standard, the "'party seeking summary judgment [must] make a preliminary showing that no genuine issue of material fact exists.  Once the movant has made this showing, the nonmovant must contradict . . . [it] by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue.'"[5]  When evaluating a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."[6]  The court, however, "need not credit 'conclusory allegations, improbable inferences, and unsupported speculation.'"[7]

Defendant challenges Plaintiff's complaint on the basis that Plaintiff failed to file her complaint within the applicable statute of limitations.  The ADA prohibits discrimination against disabled individuals.[8]  To properly commence a claim under the ADA, a plaintiff must file an EEOC charge, and the EEOC must issue a 90-day right-to-sue notice.[9]

---

[4] Fed. R. Civ. P. 56(c); Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996) ("[Under] . . . Rule 56, 'genuine' connotes that the evidence on the point is such that a reasonable jury, drawing favorable inferences, could resolve the fact in the manner urged by the nonmoving party, and 'material' connotes that a contested fact has the potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the nonmovant.").

[5] Blackie, 75 F.3d at 721 (quoting Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995)).

[6] Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

[7] Bloomfield v. Bernardi Automall Trust, 170 F. Supp. 2d 36, 40 (D. Mass. 2001) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

[8] 42 U.S.C. § 12112(a).

[9] See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (providing that the procedures set forth in 42 U.S.C. § 2000e-5 and elsewhere in Title VII apply to the enforcement of the ADA).

The ADA requires that a charge of employment discrimination be filed with the EEOC within 180 days after the alleged unlawful practice occurred.[10] If the plaintiff has instituted proceedings with a state or local agency that has the authority to grant relief from the practice complained of, the statute of limitations extends to 300 days.[11] Defendant is an instrumentality of the federal government.[12] The regulation of Defendant's employment practices is therefore outside the scope of state discrimination laws, making the 300 day statue of limitations inapplicable. The applicable statute of limitations for Plaintiff's claim is 180 days.[13]

Any non-accommodation by Defendant necessarily took place while Plaintiff was working at the bank. After Plaintiff left work, furthermore, Plaintiff claimed to be completely unable to perform her work duties, and was therefore no longer entitled to the protection of the ADA. The ADA only protects those who can fulfill the essential duties of their position, even without an accommodation.[14] Plaintiff's protection under the ADA accordingly ended on March 26, 2003. This court finds that Defendant's non-accommodation, if any, ended on Plaintiff's last day of work. The 180 day statute of limitations, therefore, began to run on March 26, 2003. Under the ADA, Plaintiff must have filed her complaint with the EEOC by September 22, 2003. Plaintiff did

---

[10] See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).

[11] See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).

[12] Fed. Reserve Bank of Boston v. Comm'r of Corps. & Taxation, 499 F.2d 60, 62 (1st Cir. 1974), vacated on other grounds, 520 F.2d 221 (1st Cir. 1975).

[13] See 12 U.S.C. § 341; Ana Leon T. v. Fed. Reserve Bank of Chicago, 823 F.2d 928, 931 (6th Cir. 1987).

[14] 42 U.S.C. § 12112(b)(5)(A)(2000); Calef v. Gillette Co., 322 F.3d 75, 86 n.8 (1st Cir. 2003).

not file a charge with the EEOC until June 21, 2004, and thus her complaint is time-barred. When a claim is barred by the statute of limitations, it is proper to grant summary judgment in favor of the defendant.[15]

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is ALLOWED.

AN ORDER WILL ISSUE.

    /s/ Joseph L. Tauro
United States District Judge

---

[15] See, e.g., Doyle v. Shubs, 905 F.2d 1, 1 (1st Cir. 1990); Kali Seafood, Inc. v. Howe Corp., 887 F.2d 179, 181 (1st Cir. 1989).